UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTORIA ESTATES, LTD, BENDERSON
DEVELOPMENT COMPANY, INC., a New
York Corporation now known as
Benderson Properties, Inc., RONALD
BENDERSON 1995 TRUST, BENDERSON 85-1
TRUST, BUFFALO GREENBRIAR
ASSOCIATES, LLC, RB-3 ASSOCIATES,
RANDALL BENDERSON 1193-1 TRUST, WR-I
ASSOCIATES, LTD.,

                Plaintiffs,

vs.                          Case No.  2:09-cv-536-FtM-29DNF

RSUI INDEMNITY COMPANY, a New
Hampshire Stock Company,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, For A More Definite Statement and Supporting Memorandum of Law (Doc. #11) filed on December 23, 2009. Plaintiffs filed a Response (Doc. #13) on January 21, 2010.

In a November 4, 2009 Opinion and Order (Doc. #8), the Court consolidated this action with 2:09-cv-88-FtM-29DNF, which was made the lead case.  In RSUI's current motion to dismiss, it argues that plaintiffs have failed to state a cause of action for which relief may be granted in the Complaint.  RSUI argues that the insurance policy at issue is only issued to Benderson Development Company, Inc., n/k/a Benderson Properties, Inc. (Benderson) and its associated and affiliated companies, but does not specify which

associated and affiliated companies have in interest in the policy. (Doc. #11, pp. 3-4.)  RSUI asserts that "it is impossible for [it] to admit or deny whether any of these parties other than [Benderson] have an interest since there are no allegations in the Complaint asserting any of their relationships to the Named Insured on the RSUI Policy and simply lumps all the Plaintiffs together as 'Insureds.'" (Id. at 4.)  Thus, the other plaintiffs lack standing to enforce the terms and conditions of the underlying insurance policy.  (Id. at 4-5.)

RSUI's position that it cannot answer the Complaint is belied by the fact that it answered an identical Counterclaim filed in the other, now consolidated, case.  (See Case no. 2:09-cv-88-ftm-29DNF, Doc. #13, p. 3.)  Additionally, plaintiffs have alleged standing, specifically stating that the entities "are insured under the RSUI policy." (Doc. #1, p. 1.)  The Court finds that no more definite statement is required.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss, or in the Alternative, For A More Definite Statement and Supporting Memorandum of Law (Doc. #11) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of August, 2010.

JOHN E. STEELE
United States District Judge

-2-

Copies:
Counsel of record